# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-07-071-JHP |
| | ) | |
| ERNEST WAGES, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Now before the Court is the defendant's Motion to Dismiss (Dkt.# 34). The defendant challenges the sufficiency of the Indictment because "the government has not alleged the particular conduct that is offensive." (Motion to Dismiss at 2). The defendant further contends the discovery process "has not helped to explain the specific manner in which Mr. Wages allegedly violated the law, or the manner in which Mr. Wages allegedly violated the statute under which he is charged." Id.

Pursuant to Tenth Circuit precedent, an indictment is considered sufficient "if it sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a double jeopardy defense." United States v. Barrett, 496 F.3d 1079, 1092 (10th Cir. 2007)(quoting United States v. Todd, 446 F.3d 1062, 1067 (10th Cir. 2006). In the instant case, the defendant is charged with two Counts: Count 1 – Receiving a Visual Depiction of a Minor Engaging in Sexually Explicit Conduct (18 U.S.C. §2252(a)(2)) and Count 2 - Possession of One or More Visual Depictions of a Minor Engaging in Sexually Explicit Conduct.

The phrase "sexually explicit conduct" is defined in 18 U.S.C. §2256 as : (a) sexual

intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal contact, whether between persons of the same or opposite sex; (b) bestiality; (c) masturbation; (d) sadistic or masochistic abuse; or (e) lascivious exhibition of the genitals or pubic area of any person. Further, the Tenth Circuit has adopted a standard to determine whether a visual depiction constitutes "lascivious exhibition." In the unpublished opinion <u>United States v. Helton</u>, *2007 WL 1674196 (W.D.Okla.)*, the Court stated:

> In determining whether an item depicts a lascivious exhibition of the genitals or pubic area, the Tenth Circuit and other circuits have applied the test formulated in United States v. Dost, 636 F.Supp. 828 (S.D.Cal. 1986), aff'd sub nom., United States v. Wiegand, 812 F.2d 1239 (9th Cir. 1987), cert. denied, 484 U.S. 856 (1987). Consideration of the factors is not mandatory in all cases; however, "the Dost factors provide specific sensible meaning to the term 'lascivious,' a term which is less than crystal clear." Wolf, 890 F.2d at 245, quoting United States v. Villard, 885 F.2d 117, 122 (3d Cir. 1989). The undersigned agrees, and notes that both the government and defendant cite and discuss the Dost factors as the appropriate test to apply in this case. Accordingly, the following factors are considered in light of the evidence:
> 1) whether the focal point of the visual depiction is on the child's genitalia or pubic area;
> 2) whether the setting of the visual depiction is sexually suggestive, i.e., in a place or pose generally associated with sexual activity;
> 3) whether the child is depicted in an unnatural pose, or in an inappropriate attire, considering the age of the child;
> 4) whether the child is fully or partially clothed, or nude;
> 5) whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; and
> 6) whether the visual depiction is intended or designed to elicit a sexual response in the viewer.

Dost, 636 F.Supp. at 832. All six factors need not be present. Wolf, 890 F.2d at 245. Furthermore, it is not necessary to find more than one factor. Id., n. 6.

The language of the Indictment reads as follows:

### **COUNT I**:

**[18 U.S.C. §2252(a)(2) – Receiving a Visual Depiction of Minor Engaging in Sexually Explicit Conduct]**

On or about July 12, 2005 to on or about May 17, 2007, in Pontotoc County, within the Eastern District of Oklahoma, the defendant, ERNEST WAGES, knowingly received visual depictions involving the use of a minor engaging in sexually explicit conduct as defined in Title 18, United States Code, Section 2256, that had been transported in interstate or foreign commerce by means of a computer in violation of Title 18, United States Code, Section 2252(a)(2).

### COUNT 2:

**[18 U.S.C. §2252(a)(4)(B) - Possession of One or More Visual Depictions of a Minor Engaging in Sexually Explicit Conduct]**

On or about May 22, 2007, in Pontotoc County, within the Eastern District of Oklahoma, the defendant, ERNEST WAGES, knowingly possessed 1 or more visual depictions of a minor engaging in sexually explicit conduct as defined in Title 18, United States Code, Section 2256, that had been transported in interstate or foreign commerce by means of a computer and produced using materials which have been mailed, shipped and transported in interstate commerce in violation of Title 18, United States Code, Section 2252(a)(4)(B).

The Court finds the language in each count satisfies the requirements of *Barrett* and *Todd*. First, the language of each count informs the defendant of the elements of each count. Second, the Indictment puts the defendant on notice of the charges he must defend. The language of Count 1 informs the defendant that he is alleged to have received visual depictions of minors engaged in sexually explicit conduct as defined by Title 18, United States Code, Section 2256 during a specific time frame through interstate commerce by means of a computer. It is clear what is alleged and what the defendant must defend. Likewise, the language in Count 2 clearly advises the defendant that he allegedly possessed visual depictions of minors engaged in sexually explicit conduct on or about a specific date in May 2007.

Third, the Indictment also enables the defendant to assert a double jeopardy defense. The language of each count specifies a particular time frame and also specifies particular conduct.

Further, counsel for the Government represents defendant has been provided the opportunity to view the images at issue. "After spending over two hours viewing more than 100 videos and scores of still images depicting minor females being vaginally and/or anally penetrated by adult males, minor males being anally penetrated by adult males, and minor children engaged in oral sexual intercourse with adults and/or other minor children, it is inconceivable to believe the defendant is not adequately informed of the manner in which he is alleged to have violated the law." (Government's Response at 5).

Defendant also contends the "statute in question" is unconstitutionally vague because "it is impossible to read the statute and determine what conduct is prohibited and what types of portrayals are lascivious." (Motion to Dismiss at 6). Section 2255 clearly prohibits receiving and possessing visual depictions of minor children engaging in sexually explicit conduct as defined in 18 U.S.C. §2256. Defendant does not argue that videos and still images of children being vaginally, anally or orally penetrated by adults is prohibited behavior. Likewise, the defendant does not argue that videos and still images of children vaginally, anally or orally penetrating other children is prohibited behavior. The defendant focuses on the constitutionality of the statute by questioning the definition of "lascivious."

A similar constitutional challenge was rejected by the Tenth Circuit in *United States v. Wolf*, *890 F.2d 241 (10th Cir. 1989).* In *Wolf*, the Court was asked to find 18 U.S.C. §2251, as further defined by 18 U.S.C. § 2256, unconstitutional. As in the instant case, the defendant in *Wolf* was questioning the definition of "lascivious exhibition of the genitals or pubic area of any person . . ."

4

The Tenth Circuit stated:

> Under various constitutional challenges, the term "lascivious exhibition" under the statute has been interpreted by the courts since the inception of the legislation forming the basis for the instant charge. In United States v. Freeman, 808 F.2d 1290, 1292 (8th Cir.), cert. denied, 480 U.S. 922, 107 S.Ct. 1384, 94 L.Ed.2d 697 (1987), the Eighth Circuit referred to the Supreme Court's decision in New York v. Ferber, 458 U.S. 747, 102 S.Ct. 3348, 73 L.Ed.2d 1113 (1982), wherein the Court distinguished the focus of obscenity laws from that of child pornography laws. "Whereas obscenity laws are designed to protect unwilling recipients from offensive sexual depictions, see Miller v. California, 413 U.S. 15, 18-19, 93 S.Ct. 2607, 2611-12, 37 L.Ed.2d 419 (1973), child pornography laws also seek to protect innocent children from sexual exploitation and its potentially permanent psychological and physical effects." Freeman, 808 F.2d at 1292 (citation and footnote omitted).
>
> That same year, the Ninth Circuit wrote United States v. Wiegand, 812 F.2d 1239 (9th Cir.), cert. denied, 484 U.S. 856, 108 S.Ct. 164, 98 L.Ed.2d 118 (1987), one of the most heavily cited cases on this issue. In Wiegand, the Ninth Circuit also held the statutory term "lascivious" was not unconstitutionally vague.

*Id. at 243-44.*

Although the statute in this case is different, the language challenged is identical to that in *Wolf*. Consequently, the Defendant's Motion to Dismiss based on this issue is denied pursuant to the precedent and rationale established in *Wolf*.

The defendant also challenges the constitutionality of 18 U.S.C. §2252 by alleging "the instant statutes also suffer from overbreadth in the sense that they proscribe constitutionally protected activity." This argument was specifically rejected in *United States v. Reedy, 845 F.2d 239 (10th Cir. 1988)*. In *Reedy*, the appellant argued the Child Protection Act, 18 U.S.C. §2251 (a), was overbroad, sweeping beyond the unprotected activity of child pornography and impinging on both artistic and scientific works in violation of the First Amendment. The Tenth Circuit found the

5

overbreadth challenge was indistinguishable from that which the Supreme Court rejected in *New York v. Ferber*, 458 U.S. 747, 102 S.Ct. 3348, 73 L.Ed.2d 1113 (1982) and rejected the argument. Based on the rationale of *Reedy*, the defendant's constitutional challenge in this regard is also denied.

Accordingly, Defendant's Motion to Dismiss is denied.

**IT IS SO ORDERED this 14th day of January, 2008.**

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma